IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 21-cv-40111 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| THE DAVID M. ADAMS LIVING TRUST ) | |
| (David M. Adams, Trustee) as nominee, ) | |
| alter ego, or transferee of David M. Adams, ) | |
| DAVID M. ADAMS, ) | |
| PHH MORTGAGE CORPORATION, and ) | |
| TOWN OF MASHPEE MASSACHUSETTS, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to (1) determine that, with respect to the defendant David M. Adams's income tax liabilities, federal tax liens arose and attached to certain real property titled in the name of the defendant David M. Adams Living Trust that is identified below, and (2) enforce federal tax liens against that same real property. For its complaint, the United States alleges as follows:

### JURISDICTION, PARTIES, AND PROPERTY

1. The district court has jurisdiction pursuant to 26 U.S.C. § 7402(a), and 28 U.S.C. §§ 1331, 1340, and 1345.

2. The defendant David M. Adams Living Trust (David M. Adams, Trustee) is joined as a party because it holds record title to the property described below.

1

3. The defendant, David M. Adams, is joined as a party because he may claim an interest in the real property described below in his individual capacity as well. However, the United States maintains that he is not a necessary party in his individual capacity unless he asserts that he is the true owner of the subject property and that the defendant trust is his mere nominee or alter ego as alleged by the United States.[1]

4. David M. Adams is incarcerated at Devens Medical Center in Worcester County, Massachusetts, within the jurisdiction of this Court.

5. Defendant Town of Mashpee, Massachusetts is joined as a party because, as the local taxing authority, it may have a lien or claim an interest in the property described below and to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

6. PHH Mortgage Corporation is named because it may claim an interest in the real property described below.

7. The real property against which the United States seeks to enforce its tax liens (the "Real Property") is located at 113 Walton Heath Way, Mashpee, Massachusetts and has a legal description as follows:

---

[1] On August 24, 2021, the plaintiff United States filed a complaint against David M. Adams in the District of Connecticut to reduce to judgment the income tax liabilities described herein. *See United States v. Adams*, Case No. 21-cv-1140 (D. Conn.). For that reason, the United States is not seeking a personal-liability judgment against him here. However, should he wish to have both matters proceed together, the United States will not object to a transfer of venue to this district of the case in the District of Connecticut and to consolidation of the cases. The United States cannot dismiss the earlier action, however, and add the cause of action here because the period of limitations on commencing a suit with respect to one of the tax years has expired in the meantime.

LOT 871 as shown on subdivision plan 11408-60 (Sheet 2) dated June 1, 1967, drawn by Hayes Engineering Inc., Surveyors, and filed in the Land Registration Office at Boston, a copy of which is filed in Barnstable County Registry of Deeds in Land Registration Book 257, Page 74.

### DAVID M. ADAMS'S TAX LIABILITY

8. A delegate of the Secretary of the Treasury made assessments against Adams for income taxes and fraud penalties for the periods, on the dates, and in the amounts described below. These liabilities have balances due as of June 21, 2021, including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651 and penalties for failure to make estimated tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due as of 06/21/2021 |
|---|---|---|---|---|
| 12/31/2009 | 11/29/2010 | Tax Per Filed Return | $661,054.00 | $391,586.89 |
| 12/31/2011 | 12/31/2012 | Tax Per Filed Return | $258,215.00 | |
| | 03/20/2019 | Additional Tax Assessed by Examination | $553,192.00 | |
| | 03/20/2019 | Fraud Penalty (IRC 6663) | $414,894.00 | $1,711,875.31 |
| **Total** | | | | $2,103,462.20 |

9. Notice of the liabilities described in paragraph 5 was given to, and payment demanded from, Adams.

10. Despite proper notice and demand, Adams failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, he remains liable to the United States in the amount of $2,103,462.20, plus statutory additions and interest accruing from and after June 21, 2021.

11. The Internal Revenue Service ("IRS") assessed fraud penalties against Adams with regard to tax year 2011 because he knowingly failed to declare over $4 million in income from the sale of his online floral business.

12. On October 10, 2017, in *United States v. David M. Adams*, Case No. 3:16cr86 (VLB) (D. Conn.), Adams pleaded guilty to committing tax fraud and admitted to the conduct described in paragraph 10, above.

## COUNT ONE
**(Claim Against All Parties to Determine that Federal Tax Liens Attach to the Real Property)**

13. The United States incorporates by reference paragraphs 1 through 12 as if specifically realleged herein.

14. The defendant David M. Adams purchased the Real Property in 1998 subject to a mortgage in his name alone.

15. The Real Property was quitclaimed multiple times, and in 2004, David M. Adams and his then-wife Sandra D. Adams quitclaimed the Real Property to the Sandra D. Adams Nominee Funding Trust, Sandra D. Adams, Trustee, u/d/t dated March 9, 2004.

16. Years later, David M. Adams and Sandra D. Adams divorced subject to a divorce agreement dated August 5, 2013.

17. Under the terms of the divorce agreement, David M. Adams was to retain the Real Property free from any claim by Sandra D. Adams and the Sandra D. Adams Nominee Funding Trust.

18. In 2015, David M. Adams filed to have the Sandra D. Adams Nominee Funding Trust's certificate of title canceled, and on April 24, 2015, the Barnstable Land Court Registry

canceled Sandra D. Adams's certificate of title and issued a new certificate solely to David M. Adams.

19. On April 30, 2015, David M. Adams filed a quitclaim deed with the Barnstable Land Court Registry, transferring the Real Property to the David M. Adams Living Trust, identifying himself as Trustee in the deed.

20. On June 17, 2016, David M. Adams as Trustee granted a mortgage on the Real Property to the United States for $500,000 as a surety bond during his criminal proceedings.

21. The mortgage on the Real Property is currently held by PHH Mortgage Corporation, with an outstanding balance, on information and belief, of approximately $391,000 (rounded to the nearest thousand).

22. PHH Mortgage Corporation issued Forms 1098 to David M. Adams under his personal social security number for each of the last three years.

23. Upon information and belief, the David M. Adams Living Trust has been operated as the alter ego of David M. Adams. David M. Adams treated the assets of the Trust as his own, including by mortgaging them for his criminal case surety bond. As David M. Adams's alter ego, the David M. Adams Living Trust is also liable for the income tax assessments made against David M. Adams, so that the federal tax liens for the liabilities of David M. Adams attach to all property and rights to property of the David M. Adams Living Trust, as well as to all property and rights to property of David M. Adams.

24. Alternatively, the David M. Adams Living Trust is a sham trust and/or holds record title to the Real Property as the nominee of the defendant David M. Adams, the true owner of said Real Property. Accordingly, the federal tax liens for the trust fund liabilities attached to and encumber the Real Property.

25.     As a third alternative, the transfer in 2015 by David M. Adams to the David M. Adams Living Trust was made subject to the liens that arose upon the assessments predating that conveyance and was a fraudulent transfer as to the United States with respect to the subsequent assessments.  As for the pre-transfer assessments (the assessment for tax year 2009 and the original per-return assessment for the year 2011), the David M. Adams Living Trust is not a "purchaser' within the definition in 26 U.S.C. § 6323(h)(6).  As for the post-assessment transfers made on March 20, 2019, David M. Adams was or was rendered insolvent at the time of the transfer and the trust did not provide adequate consideration for the transfer.[2]

26.     On September 10, 2021, a Notice of Federal Tax Lien ("NFTL") was filed with the Barnstable County Land Court Registry in accordance with 26 U.S.C. § 6323(f) in the name of "DAVID M. ADAMS LIVING TRUST, u/d/t dated April 10, 2003, and restated as of August 27, 2013, DAVID M. ADAMS, Trustee as Alter ego of DAVID M. ADAMS" relating to the income tax liabilities described above and with respect to the Real Property. The NFTL is recorded at Document Number 1,439,007.

**COUNT TWO**
**(Claim To Enforce Tax Liens Against Real Property)**

27.     The United States incorporates by reference paragraphs 1 through 26 as if specifically realleged herein.

28.     Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens upon David M. Adams's interest in the Real Property, to have the Real Property sold pursuant to the order of this Court (by a receiver to be appointed by this Court if the United States so elects

---

[2] While the present allegation is based on constructive fraud, the United States reserves the right to amend the complaint to assert actual fraud if discovery reveals that, contrary to presently known information, the taxpayer was not rendered insolvent as a result of the transfer.

pursuant to § 7403(d)), free and clear of all rights, titles, claims, and interests of the parties in this case, including any rights of redemption, and to have the proceeds distributed, after the payment of the costs of sale and any local real estate taxes owed to the Town of Mashpee and payable under 26 U.S.C. § 6323(b)(6), to the United States except to the extent that this Court determines that claims of other parties have priority.

    WHEREFORE, the United States requests the following relief:

    A.    Order that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing David M. Adams's liabilities on the Real Property;

    B.    Order that the federal tax liens for the liabilities of David M. Adams be enforced against the Real Property, and that the Real Property be sold in a judicial sale (by a receiver to be appointed by this Court if the United States so elects pursuant to § 7403(d)), according to law, free and clear of all rights, titles, liens, claims, and interests of the parties to this case, including any rights of redemption, and that the proceeds of the sale be distributed, after payment of the costs of sale and any local real estate taxes owed to the Barnstable County Treasurer, to the United States except to the extent this Court determines that claims of other parties have priority; and

C.  Grant the United States such other and further relief, including costs of this action, as the Court deems just and equitable.

DATED: November 4, 2021

                                       DAVID A. HUBBERT
                                       Acting Assistant Attorney General
                                       U.S. Department of Justice, Tax Division

                                       */s/ Benton York*
                                       T. BENTON YORK
                                       Trial Attorney, Tax Division
                                       U.S. Department of Justice
                                       P.O. Box 55
                                       Washington, D.C.  20044
                                       202-514-5040 (v)
                                       202-514-5238 (f)

                                       T.Benton.York@usdoj.gov

Local Counsel:

NATHANIEL R. MENDELL
Acting United States Attorney